# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1 (VDW),<br><br>　　Plaintiff,<br><br>　　*vs*.<br><br>**FRANK STRADA**, Commissioner of the Department of Corrections, in his official capacity,<br><br>**JEFF LONG**, Commissioner of the Department of Safety and Homeland Security, in his official capacity,<br><br>　　Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. The Plaintiff is a Tennessee resident who has been required to have a "Code 88" placed on his driver license by the Tennessee Department of Safety pursuant to 2008 Public Acts, Public Chapter 1143 now codified at T.C.A. §55-50-353.

3. The Plaintiff is a Tennessee residents who must comply with the "community supervision for life" statute, T.C.A.§39-13-524. Plaintiff's redacted SOR entry is attached as

Exhibit 1.

4. The Plaintiff seeks declaratory and injunctive relief as follows:

   a. requiring Defendant Long to re-issue his driver licenses without the "code 88" on them and

   b. prohibiting Defendant Strada and the Department of Correction from enforcing the administrative policies and procedures concerning the Plaintiff's community supervision for life conditions that were enacted AFTER Plaintiff's offense (or conviction) occurred.

5. According to the Department of Correction policies, Department employees are to investigate and prosecute violations of both the Sex Offender Registry and community supervision for live. Ex. 2

Code 88

6. Plaintiff also seeks a declaratory and injunctive relief barring the Commissioner of Safety from requiring Plaintiff's driver license to have a "88" on it (pursuant to T.C.A. §55-50-353 (2008)) because the "88" is punitive in nature and should not be applied retroactively.

Community supervision for life

7. Plaintiff seeks declaratory and injunctive relief baring Defendant Commissioner Strads from enforcing any administrative policies and procedures (such as Index #704.07) (attached as Ex. 3) established by the Department of Correction for individuals on "community supervision for life" that were enacted after Plaintiff's offense (or conviction) date because the Tennessee Supreme Court in 2010 declared that the community supervision for life statute "is a direct and punitive consequence of" a conviction for certain enumerated sex crimes. *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of their rights under the United States Constitution.

9. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.

10. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiff*

11. Plaintiff John Doe (VDW) resides in Putnam County Tennessee and is required to comply with community supervision for life. Plaintiff John Doe (VDW) was convicted of a sex offense that occurred in 2008. See Ex. 1.

## DEFENDANT JEFF LONG

23. Defendant Jeff Long is the Tennessee Commissioner of Safety and Homeland Security whose office is in the Middle District of Tennessee. He is sued in his official capacity.

24. In 2008, the Tennessee legislature passed legislation which stated that "when the department [of Safety] issues or renews a driver license or photo identification card to a sexual offender, violent sexual offender or violent sexual juvenile offender . . . the drive license or photo identification card shall bear a designation sufficient to enable a law enforcement officer to identify the bearer of the license or card as a sexual offender, violent sexual offender or violent juvenile sexual offender." Exhibit 3, 2008 Public Acts, Public Chapter 1143.

25. The effective date of Public Chapter 1143 was July 1, 2008.

26. The penalty for failure to have "Code 88" on Plaintiff's license is punishable as an E felony. Ex. 3.

27. As a result of Public Act 1143, the Department of Safety and Homeland Security started putting "88" on the line "restrictions" to indicated sex offenders. Exhibit 4, sample Tennessee sex offender driver license.

28. As a result of T.C.A. §55-50-353(a), Plaintiff has to have "88" on his Tennessee driver license or identification card.

29. Plaintiff submits that T.C.A. §55-50-353(a) is punitive and similar in intent to Hester Prynne's red "A" in *The Scarlet Letter*, "notching" and "branding" thieves in Colonial Williamsburg and patches worn by targeted groups in Nazi Germany. See Ex. 5 Marina D. Barron, *Identity Crisis: First Amendment Implications of State Identification Card and Driver's License Branding for Registered Sex Offenders*, 89 Brook. L. Rev. 261, 285-290 (2023). https://brooklynworks.brooklaw.edu/blr/vol89/iss1/6

30. The Commissioner of the Department of Safety is an appropriate Defendant to seek declaratory and injunctive relief from retroactively enforcing the punitive statute T.C.A. §55-50-353(a) on each Plaintiff because their offenses occurred prior to T.C.A. §55-50-353(a) being enacted.

## Defendant Commissioner Strada

31. In 1996, the Tennessee legislature passed legislation which stated that "in addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life who, on or after" a specific date commits a list of crimes.

32. T.C.A. §39-13-524(d)(1) states that "the department is authorized on an individual basis to

establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person."

33. As a result of Section 524(d)(1), the Department of Corrections has issued "administrative policies and procedures" for those individuals on "community supervision for life." See Exhibit 6, Index #: 704.07 and Ex. 7 DOC "community supervision certificate"

34. The Tennessee Supreme Court in *Ward v. State* stated that "the imposition of community supervision for life is punitive . . . ." *Ward v. State*, 315 S.W.3d 461, 473 (Tenn. 2010).

35. The Commissioner of the Department of Correction is an appropriate Defendant to seek declaratory and injunctive relief on behalf of each Plaintiff from enforcing amendments to the Department's administrative policies and procedures concerning community supervision for life which occurred after each Plaintiffs' offense date.

## REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant declaratory and injunctive judgment against Defendants:

(a) enjoin Defendant Ford from applying T.C.A. §55-50-513(a) to the Plaintiff and, issue Plaintiff new driver licenses or identification cards without the "88" restriction on it

(b) preliminarily and permanently enjoin Defendant Strada and the Department of Correction, their employees, and attorneys, and all persons in active concert or participation with them from enforcing any "rules" created by the Department of Correction with regard to community supervision for life which were not in effect when the Plaintiff's offense (or conviction) occurred;

(c) awarding Plaintiff's reasonable attorney fees and

(d) granting any other necessary or proper relief.

Dated: August 5, 2025.

Respectfully submitted:

*/s/ John B. Nisbet III*
John B. Nisbet III  BPR No. 13364
P.O. Box 266
Cookeville, Tennessee 38503
931.267.6203
nisbetcle@gmail.com

Plaintiff's Counsel